PEOPLE, PLAINTIFF AND APPELLEE, *v.* GIRÓN, DEFENDANT AND
APPELLANT.

### APPEAL from the District Court of Mayagüez in a Prosecution for a Crime Against Public Justice.

#### No. 1104.—Decided March 19, 1917.

PUBLIC JUSTICE—ASSAULT AND BATTERY—INFORMATION.—An information charg-
ing a crime against public justice by the violation of section 138 of the Penal
Code is sufficient when it alleges that the defendant, being a public offi-
cer, a detective of the Insular Police charged with the maintenance of
the peace and in the exercise of his office, wilfully and criminally, under
color of authority and without lawful necessity therefor, assaulted and
battered a particular person.

ID.—ID.—VARIANCE BETWEEN INFORMATION AND EVIDENCE—RES GESTÆ.—It was
alleged in this case that there was a variance between the information and
the evidence in that the information set up that the alleged battery took
place in a café, while some of the evidence sought to be introduced referred
to acts which occurred in the street in front of the café. *Held:* That as
the first assault charged took place within the café and all the subsequent
acts shown in evidence were in close spiritual and physical connection there-
with, the events in the street may properly be considered as a part of the
*res gestæ.*

ID.—ID.—INSULAR POLICEMEN—COLOR OF AUTHORITY.—In this case the accused,
an Insular Police detective on duty, another detective and a captain of
police were seated together in a café discussing an incident which occurred
between a citizen and two detectives. The complaining witness, who was
near them, casually overheard the discussion and, somewhat imprudently,
addressed them, saying that they had no right to be talking in that way
about the absent man and that they would not do so if he were present.
The other detective then rose and struck the complaining witness. A
scuffle ensued and almost immediately the defendant arose and struck the
complaining witness on the head, at the same time ordering his arrest. A
few minutes later and while the complaining witness, who had been arrested
by another policeman, was in the street the defendant and the other de-
tective came out of the café, the latter uttering imprecations and shout-
ing, "Club him to jail!" while the defendant again struck the complain-
ing witness, although the latter was continually protesting that he would
go along quietly. From the evidence it was clear that the official character
of all the policemen was known to the complaining witness and to all the
other people in the café. *Held:* That the police officials acted under color
of authority.

ID.—ABUSE OF AUTHORITY.—One of the ideas of the Legislature in enacting
section 138 of the Penal Code was to protect citizens against officers who
abuse their authority.

ID.—INFORMATION—OBJECTION—ADMINISTRATION OF OATH—TECHNICAL DEFECT—
ABUSE OF DISCRETION.—An objection to the information that it does not
show before whom the witnesses were sworn, should be made before the

trial, in conformity with section 152 of the Code of Criminal Procedure; for when a defendant demurs or pleads to an information he waives any defect in the swearing of the witnesses,' and the refusal of the court to permit a defendant to withdraw his plea for the purpose of raising a question of this kind will not be reviewed by this court except on a clear showing of abuse of discretion. The objection comes too late at the trial.

ID.—JUDICIAL NOTICE.—Courts may take judicial notice of the signature of the Chief of Police.

The facts are stated in the opinion.

*Messrs. Feliú & Alemañy* for the appellant.

*Mr. Salvador Mestre, fiscal,* for The People.

MR. JUSTICE WOLF delivered the opinion of the court.

Under his eighth assignment of error the appellant attacks the information in this case, which is as follows:

"The *fiscal* presents an information against Cosme Girón for a crime against public justice, an infraction of section 138 of the Penal Code, a misdemeanor committed as follows: The said defendant, Cosme Girón, being a public officer, a detective of the Insular Police, an official charged with the maintenance of the peace in Porto Rico and actually in the exercise of his office, during the night of the 21st to the 22d of April, 1916, and in the café 'La Palma' in the city and municipality of Mayagüez, Porto Rico, in the judicial district of Mayagüez, voluntarily and criminally, under color of authority and without legal necessity therefor, assaulted and battered Augusto Bischoff with a blunt instrument, striking him and causing him severe wounds i̇ the head."

Appellant maintains that the words "under color of authority" are of such a general nature that it is not sufficient for the information to follow the statute without greater specification. Section 138 of the Penal Code provides that:

"Every public officer who, under color of authority, without lawful necessity, assaults, wrongs, oppresses or beats any person, is punishable by fine not exceeding five thousand (5,000) dollars, and imprisonment in the jail not exceeding five years."

If the statute read "any person who assaults," etc., an information which merely said "under color of authority" would be insufficient as not showing the nature of the authority. If the information had merely described the defendant

as a "public officer" without further specification it might be demurrable, but none of these things is true. The information sets up that the defendant is a police detective in the exercise of his office, and it is ample.

The appellant made a motion at the trial to be allowed to withdraw his plea and object to the information because it did not show the officer before whom the witnesses were sworn and the overruling of the motion is assignment of error number one. Such an objection should be made before the trial, in accordance with section 152 of the Code of Criminal Procedure. Sections 145 to 153 show the procedure that must be followed to set aside an information. When a defendant demurs or pleads to an information he waives any defect in the swearing of the witnesses, and the refusal of a court to permit a defendant to withdraw his answer to raise a matter of form of this kind would not be reviewed by this court except on a very clear showing of abuse of discretion. The objection comes too late at the trial table. This was a matter raised before Mr. Justice Wolf in the habeas corpus case of Eduardo R. S. Bonar, and decided adversely to the petitioner on April 3, 1916. III Review of Law and Jurisprudence of the Porto Rican Bar Association, page 91 (1916).

The second assignment of error was in effect that the court had no right to take judicial notice of the signature of the Chief of Police. The Chief of Police, under sections 7 and 17 of the Police Laws, plays a role to the police very similar to that of the Superintendent of Elections to election officers, and we have recently decided that the courts could take judicial notice of the signature of the superintendent. *People* v. *Almodóvar,* 23 P. R. R. 703.

The third, fourth, fifth and sixth assignments of error all refer to the same matter, namely, that there was a variance between the information and the proof inasmuch as the former set up that the alleged attack took place in the café "La Palma," while some of the proof attempted to be intro-

duced related to facts which occurred in the street in front
of the said café.   The alleged original affray took place with-
in the café, and all the subsequent events showed in evidence
were in such close spiritual and physical connection that the
events in the street may properly be considered as a part
of the *res gestæ*.

There are various other assignments of error, but the only
important one involved the question of whether the defendant
was in point of fact acting under "color of authority."   This
is the most important question in the case and requires an
examination of the proof and a closer discussion.

In the café "La Palma" of Mayagüez on the night of the
21st and 22d of April, 1916, the appellant, who is a police
detective on duty in Mayagüez, Police Detective Suárez, of
San Juan, and Captain of Police Ramón Fernández Náter,
were seated together in the café "La Palma" discussing the
case of Remotty in which Suárez, and perhaps one of the
others, had acted during the day in an official capacity.   Re-
motty, it appears, was being investigated or prosecuted for
playing a prohibited game.   The prosecuting witness, Bis-
choff, who was sitting at a near-by table, overheard the dis-
cussion and, somewhat imprudently, proceeded to say to the
assembled policemen and detectives that they had no right
to be talking that way of the absent Remotty and that they
would not do so if Remotty were there.

From the evidence the court was justified in believing
that the prosecuting witness, although a pistol was found on
his person, did not display the same, and also that he gave
the policemen seated around the table no other provocation
than the one we have outlined.   The evidence tended to show
that on the strength of this provocation the detective Suárez
arose and struck Bischoff.   There was perhaps something
like an immediate scuffle, Bischoff testifying that he threw
himself into an attitude of defense.   Almost immediately the
defendant arose and the testimony tended to show that he

struck Bischoff on the head. About the same time Suárez began to order the arrest of Bischoff, according to the testimony of the latter. Policeman Suárez, to be distinguished from the detective, came along and he was ordered to arrest Bischoff. In a very short time Policeman Suárez and Bischoff were in the street when both detectives Suárez and Girón came out of the café. Suárez, uttering imprecations and expressing wonder that the prosecuting witness was still there, cried "Club him to jail, then." All this time Girón apparently said not a word but acted. The proof is sufficient that Girón struck Bischoff both inside and outside the café although the latter was continually protesting that he would go along quietly. From the evidence it was clear that the official character of all the policemen was known to Bischoff and all the other people in the café. At the trial the appellant defended somewhat on the ground that Bischoff was profane and threatening toward the officers, but this is not the principal defense and we should abide by the finding of the court below in this regard and in other minor particulars, such, for example, as whether Girón used a club or not. Girón said that he arose only to separate the two men and to protect detective Suárez as Bischoff was a bigger man than Suárez, but this contention was also disposed of by the general finding of the court.

The principal question is a little more difficult, namely, whether Girón was acting under color of authority or in a purely private capacity. Girón, Suárez and the police captain were all peace officers. They were discussing police matters. Plainly they resented the criticism of Bischoff and the inference from the evidence is that they struck him without adequate provocation. Girón did not strike the first blow, but he struck Bischoff in the café and followed it up afterwards. There is some evidence to show that even if the police officers did not have an arrest in their minds at the outset, they acted as policemen rather than as private citizens.

It is very difficult for a peace officer to escape the responsibility and the duties of such peace officer at all times, and likewise the liability. At common law and under the statutes such a peace officer is required to make an arrest whenever he sees an offense committed. His official character is stamped upon him and anybody who resists him does so at his peril.

When the statute uses the words "color of authority" it may readily mean something less than the full authority. Appellant shows that "color of authority" frequently means a pretense of authority; it may also mean other things. Color of right and color of title are most frequently something less than the right or the title. That the words "color of authority" are not limited to pretence of authority follows from the statute itself inasmuch as it says "Every public officer." It is not the case of a private person prétending to be an officer. A policeman or police officer is almost invariably invested in the eyes of the people with a color of authority. Any step he takes has a tendency to dispel resistance. A police officer, as a matter of fact, may do a certain number of things without actual consequences to himself; some policemen presume on this authority and, we think, the defendant did in this case. In other words, we do not think that this attack on the part of either Girón or Suárez would have taken place if either of the policemen had not thought he was protected by his office as such. From the whole evidence we think that the court was entitled to believe that the defendant acted in a way that he would not have acted if he had not been a policeman, and hence that he was acting under color of authority; and this aside from whether the evidence did not show that he was attempting an arrest. We think it was one of the ideas of the Legislature in section 138 to protect citizens from officers who presumed on their authority.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.